# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 20-7865-JFW(JCx)** | Date: June 30, 2021 |

Title:   Clement Gray -v- Marathon Petroleum Logistics Services, LLC, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

  On June 15, 2020, Plaintiff Clement Gray ("Plaintiff") filed a putative Class Action Complaint in Los Angeles Superior Court, alleging that Defendants Marathon Petroleum Logistics Services, LLC ("Marathon LLC"), Marathon Petroleum Company, LP ("Marathon LP"), Andeavor Logistics, LP ("Andeavor"), and Tesoro Refining & Marketing Company, LLC ("Tesoro") (collectively, "Defendants") engaged in wage and hour policies and practices that violated the California Labor Code and applicable Industrial Welfare Commission ("IWC") wage orders.  On August 27, 2020, Marathon removed this action to this Court, alleging that certain of Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA").  Marathon also alleged that this Court has jurisdiction based on the Class Action Fairness Act ("CAFA").

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The right of removal is entirely a creature of statute,"  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of a removal statute bears the burden of showing that removal is appropriate.  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

  Under CAFA, a party may avail itself of federal jurisdiction when "the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100."  *Taylor v. Cox Commc'ns Cal., LLC,*, 2016 WL 2902459, at *2 (C.D. Cal. May 18, 2016); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).  In general, removal statutes are strictly construed, and if there is "any doubt as to the right of removal in the first place," the case

must be remanded.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  However, this presumption does not extend to CAFA cases.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.")

In this case, Defendants have failed to adequately allege the facts essential for subject matter jurisdiction under CAFA.  In the Notice of Removal, Marathon LLC and Marathon LP[1] state that "a limited liability company is a citizen of every state in which its members are citizens" and "a limited partnership is a citizen of every state in which its partners are citizens."  Notice of Removal, ¶¶ 38-39.  However, pursuant to 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) (noting that "under § 1332(d)(10), 'an unincorporated association [is] . . . deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'").  In the Notice of Removal, Marathon LLC and Marathon LP allege that they are both organized under the laws of Delaware, but fail to allege their principal places of business.[2]  Therefore, the Court cannot determine if minimal jurisdiction exists.  *See Weaver v. Nestle USA, Inc.*, 2008 WL 5453734 (N.D. Cal. Oct. 30, 2008) (holding that minimal diversity did not exist where it was "undisputed that the purported class consists of California citizens and that Defendant is a citizen of Delaware and California").

Accordingly, Defendants are ordered to show cause, in writing, no later than **July 2, 2021**, why minimal diversity exists under CAFA.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.

IT IS SO ORDERED.

---

[1]  Andeavor and Tesoro had not been served at the time the Notice of Removal was filed.

[2] The citizenship of Andeavor and Tesoro is not alleged.