# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.  **CV 20-7865-JFW(JCx)**　　　　　　　　　　　　　Date: July 2, 2021

Title:　　Clement Gray -v- Marathon Petroleum Logistics Services, LLC, et al.

---

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　　None　　　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND REMAND ACTION [filed 5/17/21; Docket No. 52]

　　On May 17, 2021, Plaintiff Clement Gray ("Plaintiff") filed a Motion to Dismiss and Remand Action ("Motion"). On May 28, 2021, Defendants Marathon Petroleum Logistics Services, LLC ("Marathon LLC"), Marathon Petroleum Company, LP ("Marathon LP"), and Tesoro Refining & Marketing Company, LLC ("Tesoro") (collectively, "Defendants") filed their Opposition. On June 7, 2021, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's June 21, 2021 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I.　　Factual and Procedural Background

　　Plaintiff, who is a member of Teamsters Local 986, was employed by Defendants as a non-exempt Transport Driver at the Vinvale Terminal in South Gate, California from April 28, 2008 to May 7, 2019. On June 15, 2020, Plaintiff filed a putative Class Action Complaint in Los Angeles Superior Court, alleging that Defendants engaged in wage and hour policies and practices that violated the California Labor Code and applicable Industrial Welfare Commission ("IWC") wage orders. On August 27, 2020, Marathon removed this action to this Court, alleging that certain of Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Marathon also alleged that this Court has jurisdiction based on the Class Action Fairness Act ("CAFA"). On September 23, 2020, Plaintiff filed a First Amended Complaint.

　　On November 10, 2020, Plaintiff filed a Second Amended Complaint ("SAC"), alleging

causes of action for: (1) failure to provide required meal periods (California Labor Code §§ 226.7, 510, 512, 1194, 1197 and IWC Wage Order No. 1-2001, § 11 and 7-2001, § 11); (2) failure to provide required rest periods (California Labor Code §§ 226.7, 512 and IWC Wage Order No. 1-2001, § 12 and 7-2001, § 12); (3) failure to pay overtime wages (California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3 and 7-2001, § 3); (4) failure to pay minimum wages (California Labor Code §§ 1194, 1197 and IWC Wage Order No. 1-2001, § 4 and 7-2001, § 4); (5) failure to pay all wages due to discharged and quitting employees (California Labor Code §§ 201, 202, 203); (6) failure to maintain required records (California Labor Code §§ 226 and IWC Wage Order No. 1-2001, § 7 and 7-2001, § 7); (7) failure to furnish accurate itemized wage statements (California Labor Code §§ 226, 1174 and IWC Wage Order No. 1-2001, § 7 and 7-2001, § 7); (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties (California Labor Code § 2802); (9) unfair and unlawful business Practices (California Business & Professions Code §§ 17200, *et seq.*); and (10) representative action for civil penalties (California Labor Code §§ 2698-2699.5).[1]

On January 12, 2021, the Court granted Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint, and dismissed Plaintiff's first cause of action for failure to provide the required meal breaks, second cause of action for failure to provide the required rest breaks, and third cause of action for failure to pay overtime wages on the grounds that those claims were preempted by the Labor Management Relations Act ("LMRA").

On January 21, 2021, mere days before the January 25, 2021 deadline for Plaintiff to file a motion for class certification, Plaintiff filed an Ex Parte Application for an Order Continuing the Deadline for Plaintiff to File His Motion for Class Certification Pursuant to Local Rule 23-3 ("Application"). On January 26, 2021, the Court denied Plaintiff's Application, and Plaintiff failed to timely file (or file at all) a motion for class certification.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    Discussion

In his Motion, Plaintiff seeks to dismiss pursuant to Federal Rule of Civil Procedure 41, the class allegations from his SAC. In addition, Plaintiff seeks to remand this action to state court on

---

[1] Each cause of action is alleged against all the Defendants.

the grounds that the Court's dismissal of the SAC's first three causes of action stripped the Court of federal question jurisdiction based on LMRA preemption and that once the class allegations are dismissed, the Court will no longer have CAFA jurisdiction over Plaintiff's individual wage and hour claims and his Private Attorney General Act ("PAGA") claim.  In their Opposition, Defendants argue that, although they agree that Plaintiff is barred from seeking to certify his class claims because he failed to timely file a motion for class certification, Rule 41 does not permit the dismissal of class allegations, only claims.  In addition, Defendants argue that the dismissal of Plaintiff's class allegations does not divest this Court of CAFA jurisdiction.  Defendants also argue that Plaintiff's remaining claims are preempted by the LMRA, which provides a further, independent basis for federal question jurisdiction.  Finally, Defendants argue that, even if the Court has been divested of CAFA and federal question jurisdiction, the Court can exercise supplemental jurisdiction over Plaintiff's remaining claims.

### A.    The Court Dismisses Plaintiff's Class Allegations

Although Defendants are correct that Plaintiff cannot move to dismiss his class allegations pursuant to Rule 41, the Court has discretion to strike class allegations for failure to comply with Local Rule 23-3 and the Court's Scheduling and Case Management Order ("CMO").  *See, e.g., Watson v. Schwarzenegger*, 2009 WL 1956222, at * 1 (9th Cir. June 23, 2009) (finding that the district court did not abuse its discretion in enforcing Local Rule 23-3); *Verner v. Swiss II, LLC*, 2010 WL 99084, at *2 (C.D. Cal. Jan. 6, 2010) ("Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's First Amended Complaint."); *see also Burkhalter v. Montgomery Ward and Co., Inc.*, 676 F.2d 291 (8th Cir. 1982) (affirming district court's striking of class allegations because of the plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); *Joseph N. Main P.C. v. Electronic Data Systems Corp.*, 168 F.R.D. 573 (N.D. Tex. 1996) (striking class allegations for failing to comply with the Local Rules' requirement that such motions be filed within ninety days of filing of the complaint).

In this case, Plaintiff failed to file a motion for class certification by the deadline set in the CMO.  In addition, the parties agree that Plaintiff's failure to file a motion for class certification by the deadline bars Plaintiff from seeking to certify his class claims.  Accordingly, the Court grants Plaintiff's Motion with respect to the class allegations in the SAC, and dismisses those allegations with prejudice.

### B.    Plaintiff's Motion to Remand is Denied

"If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010).  In this case, the Court did not deny Plaintiff's motion for class certification.  Instead, Plaintiff chose not to file such a motion and agreed to dismiss his class allegations and proceed on those claims individually.  However, "jurisdiction under CAFA is secure even though, after removal,

the plaintiffs amend their complaint to eliminate the class allegations."[2] *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); *see also In re Volkswagon "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2019 WL 1551672 (N.D. Cal. Apr. 10, 2019) (holding that "[b]ecause CAFA jurisdiction existed when Vodonick filed his complaint and when Roseville VW removed his case, it continues to exist today," even though the plaintiff opted out of the class settlement and "the only claims remaining were his individual claims which would not by themselves support jurisdiction under CAFA"); *Albert v. Postmates Inc.,* 2019 WL 1045785 (N.D. Cal. Mar. 5, 2019) (holding that "while Albert has chosen to proceed individually rather than . . . filing an unsuccessful motion for class certification, the Court finds no support in precedent or policy for conditioning jurisdiction on the distinction between whether a plaintiff pursues a meritless motion or chooses to forego filing a motion"). Therefore, although Plaintiff has dismissed the class allegations and his individual claims would not support jurisdiction under CAFA, because it is undisputed that CAFA jurisdiction existed at the time Plaintiff filed his original Complaint and Defendants filed the Notice of Removal, CAFA jurisdiction continues to exist.[3]

Accordingly, the Court denies Plaintiff's Motion to remand this action to state court.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion is **GRANTED** with respect to the class allegations in his SAC, and those class allegations are **DISMISSED with prejudice**. Plaintiff's Motion is **DENIED** with respect to the remand of this action to state court.

IT IS SO ORDERED.

---

[2] However, when the class wide claims creating CAFA jurisdiction in federal court have been dismissed and only PAGA claims remain, district courts have generally concluded that federal jurisdiction no longer exists. *See, e.g., Taragan v. Nissan N. Am.*, 2011 WL 941132, at *4 (N.D. Cal. Mar. 16, 2011), *aff'd in part, rev'd in part on other grounds Taragan v. Nissan N. Am., Inc.*, 475 Fed. App'x 221 (9th Cir. 2012); *Echevarria v. Aerotek, Inc.*, 2019 WL 2503377, at *5 (N.D. Cal. June 17, 2019) ("Now that all of the class claims giving rise to CAFA jurisdiction have been dismissed, the Court finds it appropriate to remand the remaining PAGA claim under 28 U.S.C. § 1367(c)(3)"), *affirmed in part and vacated in part by Echevarria v. Aerotek, Inc.*, 814 Fed. App'x 321 (9th Cir. 2020). Indeed, the Ninth Circuit has clearly indicated that PAGA claims do not trigger CAFA jurisdiction. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014); *see also Echevarria v. Aerotek, Inc.*, 814 Fed. App'x 321 (9th Cir. 2020) ("Aerotek's reliance on *United Steel v. Shell Oil Co.* is unavailing, as the claims there that gave rise to CAFA jurisdiction survived as individual claims. 602 F.3d 1087, 1090 (9th Cir. 2010). Here, in contrast, all of the claims giving rise to CAFA jurisdiction have been dismissed in their entirety. CAFA jurisdiction thus has been extinguished").

[3] Because Defendants had not properly alleged minimal diversity in their Notice of Removal, the Court issued an Order to Show Cause Re: Subject Matter Jurisdiction ("OSC") on June 30, 2021. On July 2, 2021, Defendants filed a Response to the Court's OSC demonstrating that minimal diversity exists.